UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZNER FRANKLIN VINICIO SACUL-PARA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  2:26-cv-00712-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On March 5, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.)  On March 5, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in her continued release. (Doc. No. 4.)

/////

1

On March 6, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  Respondent concedes therein that there does not appear to be any substantive distinctions between this case and *Ayala Cajina*.  (*Id.* at 1.)  Respondent also states that they do not oppose converting petitioner's motion for temporary restraining order to a motion for preliminary injunction.  (*Id.*)  Moreover, respondent states that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court.  (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Although petitioner does not state when he first entered the United States, he does provide a Notice to Appear which indicates that he encountered immigration authorities on or about November 10, 2018 and was released and ordered to appear on November 28, 2018.  (Doc. No. 1 at 16–18.)  Petitioner has now been re-detained by immigration authorities.  (*Id.* at 2.)

Because respondent has conceded that this case is not substantively distinct from the court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in that order and finds that petitioner's continued detention violates due process.

For the reasons above,

1.       Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

        a.       Respondent is ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his re-detention

        b.       Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

/////

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4.    The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:    **March 9, 2026**                                _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3